**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ASHLEY CARSWELL,**

    **PLAINTIFF,**

**v.**                                                           **CASE NO.:**

**GALENCARE, INC.,**
**D/B/A BRANDON REGIONAL HOSPITAL,**

    **DEFENDANT.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ashley Carswell, by and through Plaintiff's undersigned counsel, hereby serves its Complaint against Defendant, Galencare, Inc., d/b/a Brandon Regional Hospital, and states:

### JURISDICTION AND VENUE

1. This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA") and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4). This Court has pendant jurisdiction of the Plaintiff's state law claims

3. Venue is proper in the Middle District of Florida, because Defendant operates its facilities for business in this district.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Plaintiff is an "employee" within the meaning of the PDA and Title VII.

6. Defendant is authorized and doing business in this Judicial District.

7. Defendant is an "employer" within the meaning of the PDA and Title VII.

8. At all times material hereto, Plaintiff was an employee of Defendant.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## GENERAL ALLEGATIONS

10. Plaintiff has satisfied all conditions precedent. Plaintiff dual filed a charge of discrimination with the United States Equal Employment Opportunity Commission and Florida Commission on Human Rights and has received a Notice of Right to Sue which is attached as Exhibit "1" to this Complaint.

11. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

13. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

14. Plaintiff applied to work for Defendant in March 2019 as a Certified Nursing Assistant ("CNA").

15. On or about April 11, 2019, Defendant hired Plaintiff as a CNA and sent to her its "new hire" paperwork to complete.

16. On or around April 17, 2019, Plaintiff attended her orientation meeting and informed Defendant that she had just found out she was pregnant.

17. Defendant provided Plaintiff with its own "Work Status Request" to identify any restrictions necessitated by Plaintiff's pregnancy. There were only two choices available on Defendant's form, one for 'permanent restrictions' and another for 'no permanent restrictions.'

18. Plaintiff took Defendant's form to her physician who indicated that Plaintiff was restricted from lifting over twenty pounds (20 lbs) for the time being during her pregnancy. The restriction was listed by Plaintiff's physician under the space reserved for 'permanent restrictions' on Defendant's form. The only other space provided by Defendant was for 'no restrictions.'

19. Other than the lifting restriction, the other restrictions identified by Plaintiff's position would not interfere with Defendant's alleged essential functions of the position for which Plaintiff was hired, or if they would have, Plaintiff would have been able to perform those functions with a reasonable accommodation.

20. Plaintiff provided the form to Defendant on or about May 2019 and requested the restriction to be honored during her pregnancy.

21. Defendant denied the request and, without engaging in any interactive process, instead terminated Plaintiff on or about May 17, 2019.

22. Upon information and belief, Defendant accommodates other CNA's with similar temporary restrictions.

23. Thus, Plaintiff was subjected to disparate treatment on the basis of her pregnancy.

24. Defendant terminated Plaintiff's employment in retaliation for requesting a reasonable accommodation due to her physician's advice.

**COUNT I – FCRA VIOLATION**
**(PREGNANCY DISCRIMINATION)**

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

26. Plaintiff is a member of a protected class under the FCRA.

27. Plaintiff was subjected to disparate treatment on account of her pregnancy and was terminated by Defendant because she was pregnant.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation based on the advice of her physician.

33. Defendants retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

34.     Defendant's actions were willful and done with malice.

35.     By terminating Plaintiff's employment because she was pregnant, Defendant took materially adverse action against Plaintiff.

36.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

    f)    Front pay;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

### COUNT III — TITLE VII/PDA VIOLATION
### (SEX/PREGNANCY DISCRIMINATION)

37.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 23

of this Complaint as though fully set forth herein.

38. Plaintiff is a member of a protected class based on Plaintiff's sex and pregnancy.

39. Plaintiff was subjected to disparate treatment by Defendant based on Plaintiff's sex and pregnancy.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured due to Defendant's violations of the PDA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issues and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of law enumerated herein;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    (f) Compensatory damages, including emotional distress, allowable at law;

    (g) Punitive damages;

    (h) Prejudgment interest on all monetary recovery obtained;

    (i) All costs and attorney's fees incurred in prosecuting these claims; and

    (j) For such further relief as the Court deems just and equitable.

## COUNT IV – TITLE VII/PDA RETALIATION

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class based on Plaintiff's sex and pregnancy.

44. Plaintiff engaged in protected activity under Title VII/PDA by requesting a reasonable accommodation based on the advice of her physician.

45. Defendants retaliated against Plaintiff for engaging in protected activity by terminating Plaintiff's employment.

46. Defendant's actions were willful and done with malice.

47. By terminating Plaintiff's employment because she was pregnant, Defendant took materially adverse action against Plaintiff.

48. Plaintiff was injured due to Defendant's violations of Title VII/PDA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

l) A jury trial on all issues so triable;

m) That process issue and that this Court take jurisdiction over the case;

n) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the Title VII/PDA;

o) Compensation for lost wages, benefits, and other remuneration;

p) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

q) Front pay;

r) Any other compensatory damages, including emotional distress, allowable at law;

s) Punitive damages;

t) Prejudgment interest on all monetary recovery obtained.

u) All costs and attorney's fees incurred in prosecuting these claims; and

v)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 1st day of May, 2020.

Respectfully submitted,

*/s/ Brandon J. Hill*

**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**